Gilmore, J.
On the statement of facts contained in the petition of the relator, he claims that he is entitled to a peremptory mandamus, not to determine his ultimate right to the office, but to compel the clerk to put him in possession of a certificate showing that he received a majority of all the votes cast for infirmary director of Wood county, at the October election last year, upon which he may be enabled to assert his right to the office in some other legal mode. He places his claim to the writ on the ground “that he has no other remedy under the laws of this state.”
Recognizing the fact to be, as settled by the decisions of this court, that where the right of contest by appeal to the Court of Common Pleas from the decision of the board of canvassers exists, it is the specific and only remedy for the correction of errors and mistakes, whether fraudulent or otherwise, occurring in the process of ascertaining and declaring the public will as expressed through the ballot-box, the relator claims that his case is not within the- *219 provisions of the statute prescribing the mode of contesting' elections, and that he is therefore entitled to redress in the mode he is seeking it here.
To determine whether the relator is correct in this view of the law, it will be necessary to recur to and construe' the statutes bearing on this subject. Section 1 of the act regulating elections, which took effect May 1, 1864 (S. & S.. 882), as to the election of county officers, provides : “ That all elections hereafter to be holden for . . . probate-judge, clerk of the court of common pleas, sheriff, coroner, county auditor, county commissioners, county treasurers, county recorders, county surveyors, prosecuting attorneys, senators and representatives to the general assembly, judges of the criminal courts of any county, . . . shall be held and conducted in the manner prescribed in this act,” etc.
Section 36 of the act above cited provides: “ That the clerk and justices . . . shall declare the persons having the highest number of votes for probate judge, clerk of the court of common pleas, sheriff, coroner, county auditor, county commissioner, county treasurer, county recorder, county surveyor, judge of the criminal court of any county, and prosecuting attorney, . . . duly elected, subject to an appeal to the court of common pleas of the proper county; . . . provided, notice of such appeal to the said court be entered with the clerk thereof, within twenty days from the day of declaring the person having the highest number of votes as aforesaid.”
These sections contain some of the general provisions for the election and contest of elections for county officers, and inasmuch as the • office of infirmary director is not within the enumerated offices in either section, the argument is, that as to this office no right of contest is provided for.
Section 24 of the act for the relief of the poor, which took effect May 1, 1865 (S. & S. 530), provides : “ That in every county in this state in which there now is, or hereafter shall be, a county infirmary, there shall be a board of *220 infirmary directors, composed of three judicious electors, residents of such county, who shall be chosen by the qualified electors thereof at the general election.” In subse•quent amendments, the same words in reference to the 'election of these officers are retained.
This twenty-fourth section is the first that makes provision for the election of infirmary directors by this name. It took effect a year after the act above quoted from, providing for the election and contesting the election of ■county officers, and this furnishes a reason for its not being named among the county officers enumerated in the sections quoted.
Is the fact that these officers are “ to be chosen by the ■qualified electors at the general election,” sufficient to enable us to say that the provisions of the general law, including the right of contest, is applicable to the office of infirmary •director ?
The constitution of this state (art. 2, see. 21) requires that, “The general assembly shall determine by law before what authority, and in what manner, the trial of contested ■elections shall be conducted.”
It can not he presumed that the legislature intended, in view of this provision, to exclude this office from the operation of the law providing for contesting the election to other county offices. Instead of this, the contrary presumption must prevail, and the intention to allow the right of contest must be inferred, if consistent with the language providing for the election. To hold that the legislature intended the election of infirmary directors to be in the same manner and under the same regulations that other county officers are elected, will do no violence to the language used. Such a holding could introduce no confusion into the system established by law upon which elections are conducted. Indeed, it would be wholly impracticable and illegal to attempt to elect an infirmary director at a general election, in any way different from that provided by law for the election of other county officers. The elector must, at the polls, use “ a single ballot, on which *221 shall be written or printed the names of the persons voted for, with a pertinent designation of the office which he or they may be intended to fill.” The designation of the office, and candidate’s name written or printed on such “ single ballot,” is the only way that a vote could be legally given for infirmary director. So, the separate reading of the names on each ticket by the judges, and the recording of them by the clerks on the poll-books, would necessarily apply to this office as well as other county offices. The relator, in his petition, shows that in his case all this was regularly and correctly done, and that he is deprived of his rights, not by reason of his having been voted for as other county officers, but because the clerk and his assistants refused to count all the votes he had received.
The case of Edwards v. Knight, 8 Ohio, 375, is somewhat analogous to this, viz : There was a general law in force,, giving the right of contest to certain county officers who were enumerated, in which the prosecuting attorney was not included, as the office was not elective at the time the law was passed. Afterward a law was passed to provide for the election of prosecuting attorneys, directing their “ election to be held in the same manner that other state and county officers are to be elected, under the provisions of the act to regulate elections.” The question was,. “ Whether the right of contesting attaches to the prosecuting attorneys as well as other county officers ? ” The question was answered in the affirmative. The court said: “ The mode of contest is a part of the machinery by which the elections arc regulated, and the right to office investigated and declared, as necessary as any step in the proceedings ; and the adoption of the manner of holding elections of county officers in the last statute, is an adoption of all the incidents by which their rights to office become mature.” It is true that the court seems to place the decision on the particular words of the statute making the office elective. But we have shown that the legal effect of the language of the act making the office of infirmary director-elective, is that the election must be held under the general *222 election law in the same manner and subject to the same provisions that apply to the election of other county officers. The necessity for this construction is strengthened by the constitutional requirements above quoted, the provisions of which must be presumed to have been in the minds of the legislators at the time they made the office elective, and from which it is to be presumed that it was intended that the right of contest, as provided in reference to other county officers, should attach as one of the incidents to the election of an infirmary director. ¥e think this case falls within the reason of the rule in Edwards v. Knight, supra.
But, admitting that the right to contest does attach as an incident to the election of infirmary director, we understand the relator to claim that the question does not arise in this case, because “ the petition does not show that the opposite candidate has received a certificate, or that he has been inducted into office.”
As we understand the statute, the right to contest does not depend upon the granting of a certificate to the opposite candidate, as provided for by the fiftieth section of the general law (S. & C. 539), or upon his induction into office; but upon his being declared elected by the clerk and justices, as provided in section thirty-six, above quoted.
If, then, the petition states facts from which we may presume that the opposite candidate was declared elected, it will follow that a right to contest the election at once inured to the relator, and if he failed to pursue the remedy given by the statute, he is not entitled to the extraordinary remedy he is seeking here.
After averring that the respondent has failed to perform “ the several duties imposed upon him by law, for the official ascertainment and proper and legal authentication' and making known of the true results of said election, as manifested and shown by said poll-books and returns,” the petition proceeds as follows : “ That all that the said Stewart hath further done has been to prepare a certain paper, showing that he hath counted, abstracted, and caused to be certified, the returns of poll-books from a portion of said *223 election precincts of said county, but that he hath refused to count, abstract, or cause to be certified the returns of the poll-books from the balance of said election precincts of said county.”
From the above, we feel justified in presuming that the clerk aud assisting justices upon the count and abstract which they made, declared the result of it, including the declaring of the opposite candidate for infirmary director duly elected. The petition does not aver that this was not done, and in the absence of such an averment we must presume that the officers performed the duties enjoined upon them by the law, under which it is shown they were assuming to act: If the duty was imperfectly performed, the right to contest by appeal is given for the express purpose of enabling the contestant to have it corrected in the Court of Common Pleas.
Therefore, the statute having provided an adequate and complete remedy by contest on appeal, of which the relator neglected to avail himself at the proper time, he is not entitled now to a mandamus to redress the grievances óf •which he complains.

Motion overruled.

Welch, C. J., White, Rex, and MoIlvaine, JJ., concurred.